UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
|---|---|---|
| VERSUS | * | NO. 08-231 |
| JERMAINE WINCHESTER | * | SECTION "L" |

### ORDER & REASONS

The Court received and reviewed several letters from the Defendant Winchester. **IT IS ORDERED** the attached correspondence be filed into the record.

Throughout his correspondence with the Court, Winchester essentially makes four separate requests, which this Court construes as four separate motions. First, Winchester moves for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582. Second, Winchester claims that he received ineffective assistance of counsel by his previous attorney, Marion Farmer. The Court construes this as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Third, Winchester provides information about various "holdovers," which seem to refer to time that he spent in Louisiana state prison. The Court construes this as a motion to correct the computation of his sentence. Fourth, Winchester asks to have a new attorney appointed to assist him. The Court will address each motion in turn.

**I.    Motion for Retroactive Application of Sentencing Guidelines 18 U.S.C. § 3582**

Winchester asks the Court to reduce his sentence in accordance with the Fair Sentencing

Act of 2010 ("FSA"). Winchester claims that he was sentenced under the pre-FSA 100:1 crack to powder cocaine ratio instead of the post-FSA 18:1 ratio. Winchester claims that he should have been sentenced under the 18:1 guidelines and, therefore, asks the Court to reduce his sentence accordingly.

On July 13, 2011, the Probation Office submitted a Fourth Addendum to the Presentence Report. This addendum provided guideline calculations to the Court that addressed the changes made by the FSA. The Probation Office explained that the FSA reduced the sentencing disparity between crack cocaine and powder cocaine from 100:1 to approximately 18:1. Using the new 18:1 ratio, the Probation Office explained that Winchester's total offense level would be 35 and criminal history category of V. The guideline imprisonment range was, and still is, 262 to 327 months. Ultimately, this Court sentenced Winchester to 190 months imprisonment. (Rec. Doc. 1163). Not only did the Court apply the post-FSA 18:1 ratio, but the Court actually sentenced Winchester to a term of imprisonment that was below the recommended range. Winchester is not entitled to a reduction pursuant to 18 U.S.C. § 3582 because he was already sentenced pursuant to the FSA. Accordingly, this motion is **DENIED.**

## II. Ineffective Assistance of Counsel, 28 U.S.C. § 2255.

Winchester challenges his conviction on the basis that his Sixth Amendment right to effective assistance of counsel was violated. Specifically, he claims that his previous attorney, Marion Farmer, was ineffective because he signed something that they had not agreed upon.

Section 2255 allows a federal prisoner to move the sentencing court to vacate, set aside or correct the sentence if that sentence was imposed in violation of the Constitution or laws of the United States. Section 2255(f) provides that "[a] 1-year period of limitation shall apply to a

motion under this section" and, in this case, that period runs from "the date on which the judgment of conviction becomes final ...." 28 U.S.C. § 2255(f)(1). In this case, the Third Amended Judgment was entered by this Court on January 30, 2012. The Court received the first of many letters from Winchester on December 30, 2013. The first letter that Winchester sent, which included a claim of ineffective assistance of counsel, was dated January 11, 2014. These letters, which represent the only correspondence from the Defendant since he was sentenced, fall outside of the 1-year period of limitation for the filing of a § 2255 motion. Accordingly, Winchester's § 2255 motion, claiming ineffective assistance of counsel, is **DENIED.**

The Court also notes that not only is this motion untimely, but it appears to lack merit. In support of his claim that his lawyer was ineffective, Winchester states that his lawyer convinced him to sign a plea agreement that was not beneficial to him. Winchester states "Mr. Farmer just told me sign Mr. Winchester they will take care of you, which they did, but this is the time I was facing anyway." However, as mentioned above, Winchester's recommended guideline range was 262 to 327 months. This Court sentenced Winchester to 190 months, largely because of the plea agreement that he signed with the Government. Winchester's sentence is lower than what he was facing without the plea agreement. In fact, the Government indicated that without the plea agreement it would have charged Winchester with having two or more prior felony convictions. This would have resulted in a mandatory life sentence. Therefore, Winchester did receive a benefit from signing the plea agreement.

### III.  Sentence Computation

In his letters, Winchester provides information about time that he spent incarcerated prior to being sentenced. Winchester says that he was placed in federal custody on October 1, 2008

and remained in federal custody until he was sentenced on December 1, 2011. While it is not entirely clear what Winchester is asking for by providing this information, the Court construes this as a motion to correct the computation of his sentence.

On December 2, 2011, this Court sentenced Winchester to a term of 190 months imprisonment to be served concurrently with any term of imprisonment imposed by the 24th Judicial District Court, Jefferson Parish. On January 30, 2012, the Court issued a Third Amended Judgment in order to specify that the sentence should also run concurrent to any term of imprisonment imposed in a different criminal case in the 24th Judicial District Court, Jefferson Parish. Title 18 U.S.C. Section 3585 provides that "[a] defendant shall be given credit toward the service or a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Accordingly, **IT IS ORDERED** that the Bureau of Prisons Designation and Computation Center look into Winchester's sentence and insure that it has been computed in accordance with the sentence that this Court imposed on him as well as the statutes governing the computation of sentences.

## IV. Appointment of Counsel

A prisoner has no constitutional right to counsel in collateral, post-conviction, proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their

convictions ....") (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969)). Because the Court finds that this Order addresses all of Winchester's claims, Winchester's motion for appointment of counsel is **DENIED.**

New Orleans, Louisiana, this 4th day of April, 2014.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

cc:

Jermaine Winchester #30792-034
FCI Bennettsville
Federal Correctional Instituion
P.O. Box 52020
Bennettsville, SC 29512

Designation & Sentence Computation Center
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051